**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Best Hires LLC, <br><br> Plaintiff <br><br> v. <br><br> GoDaddy Inc., et al., <br><br> Defendants | 2:18-cv-00148-JAD-CWH <br><br> **Order Denying Motions for Injunctive Relief Without Prejudice** <br><br> [ECF Nos. 3, 4] |

Plaintiff Best Hires LLC (BH) owns the website and domain "besthire.us" and its manager, Aaron Helland, uses "aaron@besthire.us" as the direct company email address. Defendant GoDaddy Inc. registers and hosts BH's website and email domains.[1] On January 24, 2018, BH learned that its customers were receiving emails from an "aaron@besthiire.us" —similar to Helland's email address but with an extra "i"—asking for money and log-in information.[2] BH discovered that the double-i domain name was registered with GoDaddy by a fake Aaron Helland[3] and asked GoDaddy to shut down the double-i domain, but GoDaddy said it couldn't do so without a subpoena or court order.[4]

So, late on Friday, January 26, 2018, BH filed this lawsuit against GoDaddy and unnamed "Doe" Defendants. It sues GoDaddy for negligence and asserts an intentional-interference-with-contractual-relatins claim against the phantom actors behind aaron@besthiire.us. BH also moves ex parte for a temporary restraining order (TRO) without notice and for preliminary injunctive relief prohibiting all defendants—named and unnamed—from operating, maintaining, or

---

[1] ECF No. 3 at 2.

[2] *Id.*

[3] *Id.*

[4] *Id.*

administering the domain "besthiire.us."[5]  Multiple deficiencies in BH's motions compel me to deny its requests for relief without prejudice to the filing of a renewed motion that cures these defects.

## Discussion

**A.     Legal standard**

The legal standard for issuing a temporary restraining order is "substantially identical" to the standard for issuing a preliminary injunction.[6]  In *Winter v. Natural Resources Defense Council, Inc.*, the Supreme Court clarified that the plaintiff "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."[7]  The Ninth Circuit subsequently recognized in *Stormans, Inc. v. Selecky* that the Supreme Court had "definitively refuted" the circuit's possibility-of-irreparable-harm test.[8]  However, several panels of the Ninth Circuit have since instructed that "if a plaintiff can only show that there are 'serious questions going to the merits'—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the 'balance of hardships tips *sharply* in the plaintiff's favor,' and the other two *Winter* factors are satisfied."[9]  Essentially, all factors must be satisfied, but a stronger showing of one factor may make up for a weaker showing of another.  I may grant an ex parte TRO if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the

---

[5] *Id.*

[6] *See Stuhlbarg Intern. Sales Co., Inc. v. John D. Brush and Co., Inc.*, 240 F.3d 832, 839 n. 7 (9th Cir. 2001) (stating that the "analysis is substantially identical for the injunction and the TRO").

[7] *Winter v. Nat. Resources Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

[8] *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing *Winter*, 555 U.S. at 22).

[9] *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1291 (9th Cir. 2013) (quoting with emphasis *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011)); *accord Towery v. Brewer*, 672 F.3d 650, 657 (9th Cir. 2012) (quoting *Cottrell*, 632 F.3d at 1135).

movant before the adverse party can be heard in opposition; and the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required."[10]

**B.     BH does not offer a proper analysis of the *Winter* factors.**

The main thrust of BH's argument is the irreparable harm that it will suffer unless the besthiire.us domain is shut down. And though that factor is certainly compelling, it is not the only one. BH fails to address *Winter's* balance-of-the-hardships and public-interest factors, relying instead on a case that predates *Winter* by seven years that applies a slightly different standard.[11] This deficiency leaves me without the information I need to properly analyze the availability of relief under the Supreme Court's standard established in *Winter*.

There's an additional shortcoming in BH's *Winter* analysis: although it clearly wants me to order GoDaddy to shut down this domain name, BH does not show its likelihood of success on the merits of its claim against GoDaddy. The only claim that BH asserts against GoDaddy is a negligence claim.[12] But its entire likelihood-of-success-on-the-merits discussion is about the claim for intentional interference with contractual relations,[13] which is asserted against the unnamed, yet unidentified "Doe" defendants only. If BH wants injunctive relief against GoDaddy, it must demonstrate its likelihood of success on the merits of its negligence claim against GoDaddy.

**C.     The court cannot enjoin doe defendants.**

A third problem with BH's submission is the scope of the relief it requests. BH asks for a TRO against all defendants—including the Doe defendants—and that all defendants be ordered to appear at a preliminary-injunction hearing. But this court cannot exercise jurisdiction against unknown, unserved phantom defendants. "A federal court may issue an injunction if it has

---

[10] FED. R. CIV. P. 65(b).

[11] *Id.* at 6 (citing to *A & M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1013 (9th Cir. 2001)).

[12] *See* ECF No. 1.

[13] *See* ECF No. 3 at 6–7.

3

personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court."[14]  "[A]n injunction binds only 'the parties to the action, their officers, agents, servants, employees, and attorneys, and . . . those persons in active concert or participation with them who receive actual notice of the order."[15]  "The district court must, therefore, tailor [injunctive relief] to affect only those persons over which it has power."[16]  "Doe" pleading is allowed in limited circumstances in federal court,[17] and BH may be permitted to hold the place of yet-identified tortfeasor defendants with "Doe" allegations for pleading purposes.  But until these Doe defendants are identified and served with process, this court lacks jurisdiction over them and cannot issue injunctive relief against them.

## Conclusion

Accordingly, IT IS HEREBY ORDERED that BH's motion for a temporary restraining order and for a preliminary injunction **[ECF Nos. 3, 4]** is **DENIED without prejudice to its ability to refile** a renewed motion.

DATED: January 29, 2018.

_____
U.S. District Judge Jennifer A. Dorsey

---

[14] *Zepeda v. U.S. I.N.S.*, 753 F.2d 719, 727 (9th Cir. 1983).

[15] *Id.* (quoting FRCP 65(d)).

[16] *Id.* (citing *Gardner v. Westinghouse Broadcasting Co.*, 437 U.S. 478, 481 (1978)).

[17] *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980) (allowing a plaintiff the "opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities" in situations where the "identity of the alleged defendants will not be known prior to the filing of a complaint"); *see also Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (holding that "the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities").